UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ERICA CARDENAS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**DEALSTRUCK CAPITAL LLC**, a Delaware company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

Plaintiff Erica Cardenas ("Plaintiff Cardenas" or "Cardenas") brings this Class Action Complaint and Demand for Jury Trial against Defendant Dealstruck Capital LLC ("Defendant" or "Dealstruck Capital") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Cardenas, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Cardenas is a resident of Chula Vista, California.

2. Defendant Dealstruck Capital is a Delaware registered company located in Miami Beach, Florida. Defendant Dealstruck Capital conducts business throughout this District and throughout the United States including in California.

1

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and directed its wrongful conduct from here.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in September 2024 alone, at a rate of 149.4 million per day. www.robocallindex.com (last visited October 27, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Dealstruck Capital provides business funding solutions throughout the US.[3]

15. Defendant Dealstruck Capital sends text messages to solicit its business funding solutions.

16. Defendant Dealstruck Capital places telemarketing text messages to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/dealstruck/about/

3

17. Consumers have posted complaints online about unsolicited text messages that they received from Dealstruck Capital, including:

- "Incredibly unethical business practices. I never used there services so I have no idea how they got my phone number and eventually email, but they will not stop sending me spam texts and emails despite dozens of spam reports, blocked numbers, and filing complaints with the FCC. Companies like this should be prosecuted for these practices."[4]
- "These guys send unsolicited texts, and even when you tell them to stop, they don't. They just keep spamming, over and over again."[5]
- "They send me spam text messages daily for months and I've never worked with them. They should not be trusted."[6]

18. In response to these text messages, Plaintiff Cardenas brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF CARDENAS' ALLEGATIONS

19. Plaintiff Cardenas is the sole owner and exclusive user of her cell phone number ending in 5615.

20. Plaintiff Cardenas has owned her cell phone number for over 10 years.

21. Plaintiff Cardenas registered her cell phone number on the DNC on November 9, 2023.

22. Plaintiff Cardenas uses her cell phone number for personal use only as one would use a landline telephone number in a home.

23. Plaintiff Cardenas uses her cell phone number primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household needs.

---

[4] https://www.google.com/search?q=%22dealstruck
[5] https://www.yelp.com/biz/dealstruck-valley-stream-2
[6] https://www.trustpilot.com/review/dealstruck.com?stars=1

24. Plaintiff Cardenas does not have a landline in her home.

25. Plaintiff Cardenas' cell phone number is registered under her husband's name through Verizon and not registered under any business name.

26. Plaintiff Cardenas' Verizon plan is registered to her home address, not the address of a business.

27. Plaintiff Cardenas pays for her cell phone plan. It is not reimbursed by a business.

28. Plaintiff Cardenas pays for a Go Unlimited Verizon plan for her cell phone number.

29. Go Unlimited is a plan for individuals or families that offers unlimited data, calling and texting.[7]

30. Plaintiff Cardenas has never had her cell phone number associated with a business.

31. This phone number is not used in any business or marketing materials.

32. Plaintiff Cardenas has never listed her cell phone number publicly as a business contact number.

33. On October 22, 2024 at 8:27 AM, Plaintiff Cardenas received an unsolicited text message to her cell phone from phone number 908-364-9340.

34. In response, Plaintiff texted "What company are you from" but there was no response:

---

[7] https://www.wirefly.com/wireless-plan/verizon-go-unlimited



35. As per the above screenshot, the text shows that it was sent by cory@dealstruck.com.

36. On October 23, 2024 at 11:08 AM, Plaintiff Cardenas received a 2nd unsolicited text message from 908-364-9340 to her cell phone number.

37. In immediate response to the text message, Plaintiff Cardenas texted 908-364-9340 back asking, "What company are you from . You didn't reply to that"

38. On October 24, 2024 at 4:31 PM, Plaintiff Cardenas received a 3rd unsolicited text message from 908-364-9340 to her cell phone number.

39. At 5:35 PM on October 24, 2024, Plaintiff Cardenas texted "Company" to 908-364-9340:



40. On October 25, 2024 at 11:12 AM, Plaintiff Cardenas received a 4th unsolicited text message to her cell phone from phone number 908-364-9340.

41. In immediate response to the text message, Plaintiff Cardenas texted 908-364-9340 back asking, "I'm sorry what business is this":



42. On October 28, 2024 at 6:27 AM, Plaintiff Cardenas received a 5th unsolicited text message to her cell phone from 908-364-9340:



43. On October 29, 2024 at 6:54 AM, Plaintiff Cardenas received a 6th unsolicited text message to her cell phone from 908-364-9340.

44. On October 29, 2024 at 7:55 AM, Plaintiff Cardenas texted 908-364-9340 twice stating, "You still haven't told me what company this is" and "Please send me your company name":



45. On October 30, 2024 at 9:41 AM, Plaintiff Cardenas received a 7th unsolicited text message to her cell phone from 908-364-9340:

> Wednesday 9:41 AM
>
> Just waiting on your last 3 months of statements at cory@dealstruck.com, and I'll send over the details on monthly at 3% annually. Reply STOP to unsubscribe

46. On October 31, 2024 at 8:41 AM, Plaintiff Cardenas received an 8th unsolicited text message to her cell phone from 908-364-9340.

47. In response to the text message, Plaintiff Cardenas texted 908-364-9340 asking, "Company ?":

> Thursday 8:41 AM
>
> please send a copy of the last 3 months of business bank statements to cory@dealstruck.com. We will send you approvals for the 1 % monthly line of credit fast. Reply STOP to unsubscribe
>
> Company ?

48. On November 1, 2024 at 8:36 AM, Plaintiff Cardenas received a 9th unsolicited text to her cell phone from 908-364-9340:

> Friday 8:36 AM
>
> Please send a copy of your business bank statements for the last three months to cory@dealstruck.com. Once received, we'll process approval for a 1 % monthly line of credit. Reply STOP to unsubscribe

49. Most of the text messages that Plaintiff Cardenas received provide an email address of cory@dealstruck.com.

50. All of the text messages were sent by the same phone number: 908-364-9340.

51. Plaintiff Cardenas has never done business with Dealstruck Capital or consented to be contacted by them.

52. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Cardenas in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

53. Seeking redress for these injuries, Plaintiff Cardenas, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

54. Plaintiff Cardenas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Dealstruck Capital texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

55. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Cardenas anticipates the need to amend the Class definition following appropriate discovery.

56. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

57. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant Dealstruck Capital placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

   (b) whether the text messages constitute a violation of the TCPA;

   (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

58. **Adequate Representation**: Plaintiff Cardenas will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Cardenas has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Cardenas and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Cardenas nor her counsel have any interest adverse to the Class.

59. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate.

Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Cardenas. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Cardenas and the Do Not Call Registry Class)**

60. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

61. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated,

telephone solicitations to telephone subscribers such as Plaintiff Cardenas and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

64. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Cardenas and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

65. As a result of Defendant's conduct as alleged herein, Plaintiff Cardenas and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

66. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

    b) An award of money damages and costs;

    c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Cardenas requests a jury trial.

        **ERICA CARDENAS**, individually and on behalf of all others similarly situated,

DATED this 7th day of November, 2024.

By: */s/ Stefan Coleman*

Stefan Coleman
**Coleman PLLC**
18117 Biscayne Blvd, Suite 4152
Miami, FL 33160
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*