UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERICA CARDENAS, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

DEALSTRUCK CAPITAL LLC, a
Delaware company,

    Defendant.
_____/

Case No.: 1:24-cv-24374

## ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant Dealstruck Capital LLC ("Dealstruck"), pursuant to Federal Rule of Civil Procedure 12, files its Answer and Affirmative Defenses to Plaintiff, Erica Cardenas' Class Action Complaint (Doc. 1) as follows:

### PARTIES

1. Plaintiff Cardenas is a resident of Chula Vista, California.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 1.

2. Defendant Dealstruck Capital is a Delaware registered company located in Miami Beach, Florida. Defendant Dealstruck Capital conducts business throughout this District and throughout the United States including in California.

**ANSWER:** Admitted.

### JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**ANSWER:** Dealstruck does not dispute jurisdiction. Dealstruck otherwise denies each and every factual allegation in Paragraph 3.

142065196v.1

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

**ANSWER:** Dealstruck does not dispute jurisdiction.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and directed its wrongful conduct from here.

**ANSWER:** Dealstruck does not contest venue. Dealstruck otherwise denies each and every factual allegation in Paragraph 5.

### INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

**ANSWER:** The allegations in Paragraph 6 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 6.

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

**ANSWER:** The allegations in Paragraph 7 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 7.

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

**ANSWER:** The allegations in Paragraph 8 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 8.

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

**ANSWER:** The allegations in Paragraph 9 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 9.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in September 2024 alone, at a rate of 149.4 million per day. www.robocallindex.com (last visited October 27, 2024).

**ANSWER:** The allegations in Paragraph 10 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 10.

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

**ANSWER:** The allegations in Paragraph 11 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 11.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.

**ANSWER:** The allegations in Paragraph 12 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 12.

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).

**ANSWER:** The allegations in Paragraph 13 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 13.

## COMMON ALLEGATIONS

14. Defendant Dealstruck Capital provides business funding solutions throughout the US.

**ANSWER:** Admitted.

15. Defendant Dealstruck Capital sends text messages to solicit its business funding solutions.

**ANSWER:** Dealstruck admits that it sends text messages. Dealstruck otherwise denies each and every factual allegation in Paragraph 15.

16. Defendant Dealstruck Capital places telemarketing text messages to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

**ANSWER:** Denied.

17. Consumers have posted complaints online about unsolicited text messages that they received from Dealstruck Capital, including:

- "Incredibly unethical business practices. I never used there services so I have no idea how they got my phone number and eventually email, but they will not stop sending me spam texts and emails despite dozens of spam reports, blocked numbers, and filing complaints with the FCC. Companies like this should be prosecuted for these practices."

- "These guys send unsolicited texts, and even when you tell them to stop, they don't. They just keep spamming, over and over again."

- "They send me spam text messages daily for months and I've never worked with them. They should not be trusted."

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 17.

4

18. In response to these text messages, Plaintiff Cardenas brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 18.

### PLAINTIFF CARDENAS' ALLEGATIONS

19. Plaintiff Cardenas is the sole owner and exclusive user of her cell phone number ending in 5615.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 19.

20. Plaintiff Cardenas has owned her cell phone number for over 10 years.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 20.

21. Plaintiff Cardenas registered her cell phone number on the DNC on November 9, 2023.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 21.

22. Plaintiff Cardenas uses her cell phone number for personal use only as one would use a landline telephone number in a home.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 22.

23. Plaintiff Cardenas uses her cell phone number primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household needs.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 23.

24.     Plaintiff Cardenas does not have a landline in her home.

**ANSWER:**     Dealstruck is without knowledge and therefore denies the allegations in Paragraph 24.

25.     Plaintiff Cardenas' cell phone number is registered under her husband's name through Verizon and not registered under any business name.

**ANSWER:**     Dealstruck is without knowledge and therefore denies the allegations in Paragraph 25.

26.     Plaintiff Cardenas' Verizon plan is registered to her home address, not the address of a business.

**ANSWER:**     Dealstruck is without knowledge and therefore denies the allegations in Paragraph 26.

27.     Plaintiff Cardenas pays for her cell phone plan. It is not reimbursed by a business.

**ANSWER:**     Dealstruck is without knowledge and therefore denies the allegations in Paragraph 27.

28.     Plaintiff Cardenas pays for a Go Unlimited Verizon plan for her cell phone number.

**ANSWER:**     Dealstruck is without knowledge and therefore denies the allegations in Paragraph 28.

29.     Go Unlimited is a plan for individuals or families that offers unlimited data, calling and texting.

**ANSWER:**     Dealstruck is without knowledge and therefore denies the allegations in Paragraph 29.

30.     Plaintiff Cardenas has never had her cell phone number associated with a business.

**ANSWER:**     Dealstruck is without knowledge and therefore denies the allegations in Paragraph 30.

31. This phone number is not used in any business or marketing materials.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 31.

32. Plaintiff Cardenas has never listed her cell phone number publicly as a business contact number.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 32.

33. On October 22, 2024 at 8:27 AM, Plaintiff Cardenas received an unsolicited text message to her cell phone from phone number 908-364-9340.

**ANSWER:** Denied.

34. In response, Plaintiff texted "What company are you from" but there was no response:

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 34.

35. As per the above screenshot, the text shows that it was sent by [cory@dealstruck.com](cory@dealstruck.com).

**ANSWER:** The allegations in Paragraph 35 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 35.

36. On October 23, 2024 at 11:08 AM, Plaintiff Cardenas received a 2nd unsolicited text message from 908-364-9340 to her cell phone number.

**ANSWER:** Denied.

37. In immediate response to the text message, Plaintiff Cardenas texted 908-364-9340 back asking, "What company are you from . You didn't reply to that"

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 37.

7

38. On October 24, 2024 at 4:31 PM, Plaintiff Cardenas received a 3rd unsolicited text message from 908-364-9340 to her cell phone number.

**ANSWER:** Denied.

39. At 5:35 PM on October 24, 2024, Plaintiff Cardenas texted "Company" to 908-364-9340:

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 39.

40. On October 25, 2024 at 11:12 AM, Plaintiff Cardenas received a 4th unsolicited text message to her cell phone from phone number 908-364-9340.

**ANSWER:** Denied.

41. In immediate response to the text message, Plaintiff Cardenas texted 908-364-9340 back asking, "I'm sorry what business is this":

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 41.

42. On October 28, 2024 at 6:27 AM, Plaintiff Cardenas received a 5th unsolicited text message to her cell phone from 908-364-9340:

**ANSWER:** Denied.

43. On October 29, 2024 at 6:54 AM, Plaintiff Cardenas received a 6th unsolicited text message to her cell phone from 908-364-9340.

**ANSWER:** Denied.

44. On October 29, 2024 at 7:55 AM, Plaintiff Cardenas texted 908-364-9340 twice stating, "You still haven't told me what company this is" and "Please send me your company name":

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 44

45. On October 30, 2024 at 9:41 AM, Plaintiff Cardenas received a 7th unsolicited text message to her cell phone from 908-364-9340:

**ANSWER:** Denied.

46. On October 31, 2024 at 8:41 AM, Plaintiff Cardenas received an 8th unsolicited text message to her cell phone from 908-364-9340.

**ANSWER:** Denied.

47. In response to the text message, Plaintiff Cardenas texted 908-364-9340 asking, "Company ?":

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 47.

48. On November 1, 2024 at 8:36 AM, Plaintiff Cardenas received a 9th unsolicited text to her cell phone from 908-364-9340:

**ANSWER:** Denied.

49. Most of the text messages that Plaintiff Cardenas received provide an email address of cory@dealstruck.com.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 49

50. All of the text messages were sent by the same phone number: 908-364-9340.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 50.

51. Plaintiff Cardenas has never done business with Dealstruck Capital or consented to be contacted by them.

**ANSWER:** Denied.

52. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Cardenas in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

**ANSWER:** Denied.

53. Seeking redress for these injuries, Plaintiff Cardenas, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

**ANSWER:** Dealstruck is without knowledge and therefore denies the allegations in Paragraph 53

## CLASS ALLEGATIONS

54. Plaintiff Cardenas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Dealstruck Capital texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

**ANSWER:** Paragraph 54 is a statement of Plaintiff's allegations and, therefore, no response is required. To the extent a response is required, each and every statement is denied.

55. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Cardenas anticipates the need to amend the Class definition following appropriate discovery.

**ANSWER:** Paragraph 55 is a statement of Plaintiff's allegations and, therefore, no response is required. To the extent a response is required, each and every statement is denied.

56. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

**ANSWER:** Denied.

57. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Dealstruck Capital placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

(b) whether the text messages constitute a violation of the TCPA;

10

    (c)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:**   Denied.

58.   **Adequate Representation**: Plaintiff Cardenas will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Cardenas has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Cardenas and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Cardenas nor her counsel have any interest adverse to the Class.

**ANSWER:**   Denied.

59.   **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Cardenas. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:**   Denied.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Cardenas and the Do Not Call Registry Class)

60.   Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

**ANSWER:**   Dealstruck incorporates its responses set forth in Paragraphs 1-59 as if fully set forth herein.

61.   The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

11

142065196v.1

**ANSWER:** The allegations in Paragraph 61 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 61.

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

**ANSWER:** The allegations in Paragraph 62 are legal conclusions and, accordingly, no response is required. To the extent a response is required, Dealstruck denies the allegations in Paragraph 62.

63. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Cardenas and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER:** Denied.

64. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Cardenas and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

**ANSWER:** Denied.

65. As a result of Defendant's conduct as alleged herein, Plaintiff Cardenas and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

**ANSWER:** Denied.

66. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**ANSWER:** Denied.

**ANY ALLEGATIONS NOT EXPRESSLY ADMITTED HEREIN ARE DENIED.**

## AFFIRMATIVE DEFENSES

### Waiver, Estoppel, Laches

1. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### Failure to State a Cause of Action

2. The Complaint fails to state a claim upon which relief can be granted.

### No Concrete Harm or Injury

3. Plaintiff has not suffered any actual pecuniary damages nor any concrete harm or injury resulting from the allegations of Plaintiff's complaint.

### No Proximate Cause

4. Plaintiff's claims fail to plead that the actions complained of proximately caused it any legally cognizable injury.

### Prior Express Consent

5. Upon information and belief, Plaintiff's claims fail because Plaintiff provided express written consent prior to receiving any alleged calls.

### Constitutional Rights to Free Speech

6. The TCPA violates Dealstruck's rights under the First and Fourteenth Amendments to the United States Constitution and Article I, Section 4 of the Constitution of the State of Florida because they are more restrictive than necessary to achieve their asserted purposes and have no reasonable relation to any substantial government interest sought to be advanced. The TCPA also violates the rights of the public to receive and the right of advertisers to send, legitimate commercial communications via telephone.

7. The TCPA violates the First and Fourteenth Amendments to the United States Constitution and Article I, Section 4 of the Constitution of the State of Florida because it discriminates against speech based on content.

### Plaintiff is not an Adequate Class Representative

8. Plaintiff's class action claims are barred because Plaintiff is not an adequate class representative. Plaintiff has a conflict of interest with the classes she seeks to represent.

### Plaintiff's Claims are Atypical

9. Plaintiff's TCPA claim, and Defendant's defenses to it, are not typical of the claims, or Defendant's defenses to them, of the putative class.

### Plaintiff's Claims are Not Common and Common Issues do not Predominate

10. Common issues of fact or law do not predominate because of the unique facts and circumstances relating to Plaintiff individually.

### Excessive Penalties

11. Any award of statutory and/or punitive damages to Plaintiff or the putative class would be grossly disproportionate to any actual injury sustained by Plaintiff or any class member and would therefore deny Dealstruck its rights under the Due Process and Excessive Fines clauses of the United States Constitution and the Excessive Punishments section of the Constitution of the State of Florida. Furthermore, the TCPA imposes liabilities, penalties or fines that are so excessive, severe and oppressive as to be obviously unreasonable and wholly disproportionate to the offense of receiving a telephone call, and the TCPA thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 17 of the Constitution of the State of Florida.

**DEFENDANT RESERVES THE RIGHT TO ASSERT ANY AND ALL OTHER DEFENSES TO PLAINTIFF'S CLAIMS AS MAY BE APPROPRIATE.**

142065196v.1

WHEREFORE, the Class Action Complaint should be dismissed in its entirety with prejudice, Dealstruck should be awarded its attorneys' fees and costs in defending this action as allowed by law, and the Court should grant Dealstruck such other relief as it deems just and proper.

Dated:  December 23, 2024	**LOCKE LORD LLP**
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, Florida 33401
Tel.:   (561) 833-7700
Fax:   (561) 655-8719
By: */s/ Steven J. Brotman*
   Steven J. Brotman
   Florida Bar No. 85750
   steven.brotman@lockelord.com

*Counsel for Defendant Dealstruck Capital LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record:

Stefan Coleman, Esq.
Coleman PLLC
18117 Biscayne Blvd., Suite 4152
Miami, FL 33160
law@stefancoleman.com

Avi R. Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
kaufman@kaufmanpa.com

*Counsel for Plaintiffs*

		*/s/ Steven J. Brotman*
		Steven J. Brotman

142065196v.1